Slip Op. 21-10

## UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |
|---|---|
| SHANDONG YONGTAI GROUP CO., LTD., | |
| **Plaintiff,** | |
| **and** | |
| QINGDAO SENTURY TIRE CO., LTD., SENTURY TIRE USA INC., SENTURY (HONG KONG) TRADING CO., LIMITED, PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A., and PIRELLI TIRE LLC, | Before: Jennifer Choe-Groves, Judge |
| | Consol. Court No. 18-00077 |
| **Consolidated Plaintiffs,** | Member cases: Court No. 18-00079 Court No. 18-00080 |
| **v.** | |
| UNITED STATES, | |
| **Defendant.** | |

## OPINION

[The court grants Plaintiff Shandong Yongtai Group Co., Ltd.'s motion to sever, reconsolidate, and enter judgment.]

Dated:  January 29, 2021

Jordan C. Kahn and Ned H. Marshak, Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, of New York, N.Y. and Washington, D.C., for Plaintiff Shandong Yongtai Group Co., Ltd.

Ned H. Marshak, Dharmendra N. Choudhary, and Jordan C. Kahn, Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, of New York, N.Y. and Washington, D.C., for Consolidated Plaintiffs Qingdao Sentury Tire Co., Ltd., Sentury Tire USA Inc., and Sentury (Hong Kong) Trading Co., Limited.

Daniel L. Porter, James P. Durling, and Tung A. Nguyen, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington, D.C., for Consolidated Plaintiffs Pirelli Tyre Co., Ltd., Pirelli Tyre S.p.A., and Pirelli Tire LLC.

Ashley Akers, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  With her on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.  Of counsel on the brief was Ayat Mujais, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Choe-Groves, Judge:  Before the court is Plaintiff Shandong Yongtai's Consent Motion to Sever, Reconsolidate, and Enter Judgment ("Shandong Yongtai's Motion" or "Pl.'s Mot."), ECF No. 93, filed by Plaintiff Shandong Yongtai Group Co., Ltd. (formerly known as Shandong Yongtai Chemical Co., Ltd) ("Shandong Yongtai").  Shandong Yongtai requests that the court: (1) sever the action Shandong Yongtai Group Co., Ltd. v. United States, Court No. 18-00077 from the consolidated action with Qingdao Sentury Co., Ltd. v. United States ("Sentury action"), Court No. 18-00079 and Pirelli Tyre Co., Ltd. v. United States ("Pirelli action"), Court No. 18-00080; (2) reconsolidate the Sentury action and Pirelli action into Qingdao Sentury Co., Ltd. v. United States, Consol. Court No. 18-00079; and (3) enter judgment in Shandong Yongtai's action, Shandong Yongtai Group Co., Ltd. v. United States, Court No. 18-00077.  Pl.'s Mot. at 1–2.  All other parties consent to this motion.  Id. at 3.

Shandong Yongtai requests this relief in light of the court's recent decision in Shandong Yongtai Grp. Co. v. United States ("Shandong Yongtai II"), 44 CIT __, Slip Op 20-182 (Dec. 21, 2020), ECF 92.  Pl.'s Mot. at 2.  In Shandong Yongtai II, the court sustained in part and remanded in part the Final Results of Redetermination Pursuant to Remand, ECF Nos. 71, 72 ("Remand Results") by the Department of Commerce ("Commerce").  Shandong Yongtai II, 44 CIT at __, Slip Op 20-182 at 3, 12, 16, 18, 19–20.  The court sustained Commerce's determination that Shandong Yongtai Group Co., Ltd. was the successor-in-interest to Shandong Yongtai Chemical Co., Ltd. and affirmed the 2.96% separate rate for Shandong Yongtai.  Id. at __, Slip Op. 20-182 at 19.  The court sustained Commerce's assignment of the China-wide entity

rate to Consolidated Plaintiffs Pirelli Tyre Co., Pirelli Tire LLC, and Pirelli Tyre S.p.A. (collectively, "Pirelli") and Commerce's determination to make an export subsidy adjustment for the Export Buyer's Credit Program. Id. at __, Slip Op. 20-182 at 12–18. The court remanded Commerce's export price determination for Consolidated Plaintiffs Qingdao Sentury Co., Sentury Tire U.S.A. Inc., and Sentury (Hong Kong) Trading Co., (collectively, "Sentury"). Id. at __, Slip Op. 20-182 at 4–12, 20. The court ordered a second remand for Commerce to recalculate Sentury's export price and eliminate the adjustments made for Sentury's irrecoverable value-added tax ("VAT"). Id. at __, Slip Op. 20-182 at 20.

Shandong Yongtai seeks to sever, reconsolidate, and have judgment entered in accordance with the Court's "express intent to provide for 'the just, speedy, and inexpensive determination' of all actions." Pl.'s Mot. at 2; USCIT Rule 1. Shandong Yongtai states that it is satisfied with the court's final decision to sustain Commerce's determination that Shandong Yongtai was the successor-in-interest to Shandong Yongtai Chemical Co., Ltd., which would result in Shandong Yongtai's entries being liquidated at a rate of 2.96%. Pl.'s Mot. at 2. Shandong Yongtai argues that there is "no reason to delay the liquidation of [Shandong Yongtai's] entries at the 2.96% separate rate pending applicable appeal deadlines" because Shandong Yongtai's outcome will not be affected by the second remand ordered in Shandong Yongtai II. Id.

The court has discretion to add or drop a party under USCIT Rule 21 and may consolidate actions involving a common question of law or fact under USCIT Rule 42. The court seeks to apply USCIT rules in order "to secure the just, speedy, and inexpensive determination of every action and proceeding." USCIT Rule 1. Considering that all of Shandong Yongtai's claims have been finally adjudicated and the second remand proceedings

are scheduled to conclude in late 2021, the court agrees that Shandong Yongtai would be unnecessarily delayed in obtaining final relief if Shandong Yongtai were required to wait until the second remand is completed as a consolidated action. The court concludes that severance is therefore appropriate to promote the "just, speedy, and inexpensive determination" of Shandong Yongtai's action.

Because Shandong Yongtai Group Co., Ltd. v. United States, Court No. 18-00077 is the lead case of the consolidated action in Shandong Yongtai Group Co., Ltd. v. United States, Consol. Court No. 18-00077, the court concludes that it is appropriate to reconsolidate the Sentury action and Pirelli action into a new consolidated case.

Upon consideration of Shandong Yongtai's Motion, all other papers and proceedings herein, and pursuant to USCIT Rules 1, 21, and 42 it is hereby

**ORDERED** that Shandong Yongtai's Motion is GRANTED; and it is further

**ORDERED** that Shandong Yongtai Group Co., Ltd. v. United States, Court No. 18-00077 is severed from the consolidated action with Qingdao Sentury Co., Ltd. v. United States, Court No. 18-00079 and Pirelli Tyre Co., Ltd. v. United States, Court No. 18-00080; and it is further

**ORDERED** that Qingdao Sentury Co., Ltd. v. United States, Court No. 18-00079, and Pirelli Tyre Co., Ltd. v. United States, Court No. 18-00080 are reconsolidated into Qingdao Sentury Co., Ltd. v. United States, Consol. Court No. 18-00079; and it is further

**ORDERED** that the proceedings in new consolidated action Qingdao Sentury Co., Ltd. v. United States, Consol. Court No. 18-00079 should comply with the opinion and order issued by the court in Shandong Yongtai II with respect to the second remand; and it is further

**ORDERED** that Commerce shall afford the parties in Qingdao Sentury Co., Ltd. v.

United States, Consol. Court No. 18-00079 at least twelve (12) business days to comment on the

draft second remand results; and it is further

ORDERED that Qingdao Sentury Co., Ltd. v. United States, Consol. Court No. 18-

00079 shall proceed according to the same schedule ordered in Shandong Yongtai II, reiterated

below:

1.      Commerce shall file the second remand results on or before February 19, 2021;

2.      Commerce shall file the administrative record on or before March 5, 2021;

3.      Comments in opposition to the second remand results shall be filed on or before

        April 9, 2021;

4.      Comments in support of the second remand results shall be filed on or before May

        7, 2021; and

5.      The joint appendix shall be filed on or before May 21, 2021;

        and it is further

ORDERED that Shandong Yongtai Group Co., Ltd. v. United States, Court No. 18-

00077, having been severed from the consolidated action and duly submitted for decision, and

the court, after due deliberation, having rendered a decision in Shandong Yongtai II, 44 CIT __,

Slip Op. 20-182; now therefore, in conformity with Shandong Yongtai II it is hereby

ORDERED that the U.S. Department of Commerce's Certain Passenger Vehicle and

Light Truck Tires from the People's Republic of China, 83 Fed. Reg. 11,690 (Dep't Commerce

Mar. 16, 2018) (final results of antidumping duty administrative review and final determination

of no shipments; 2015–2016), as amended by the Remand Results, which confirmed the 2.96%

separate rate for Shandong Yongtai, is sustained; and it is further

**ORDERED** that final judgment will be entered in <u>Shandong Yongtai Group Co., Ltd. v. United States</u>, Court No. 18-00077 in favor of Defendant and in accordance with <u>Shandong Yongtai II</u>, 44 CIT __, Slip Op. 20-182; and it is further

**ORDERED** that the subject entries enjoined in <u>Shandong Yongtai Group Co., Ltd. v. United States</u>, Court No. 18-00077 shall be liquidated in accordance with the final court decision, including all appeals, as provided for in Section 516A(e) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e).

<u>   /s/ Jennifer Choe-Groves   </u>
Jennifer Choe-Groves, Judge

Dated: <u> January 29, 2021     </u>
        New York, New York