**Before: The Honorable Judge Jennifer Choe-Groves**

| | |
|---|---|
| **Pirelli Tyre Co., Ltd., Pirelli Tyre S.p.A. and Pirelli Tire LLC** ) ) ) **Plaintiffs,** ) ) v. ) ) **United States,** ) **Defendant.** ) ) | **Consol. Court No. 18-00079** <br><br> **PUBLIC DOCUMENT** |

# COMMENTS OF CONSOLIDATED PLAINTIFFS PIRELLI TYRE ON COMMERCE'S SECOND REDETERMINATION ON REMAND

Daniel L. Porter
James P. Durling
Ana M. Amador
James C. Beaty

**Curtis Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 452-7373

**April 8, 2021**

**Public Document**

## TABLE OF CONTENTS

**INTRODUCTION AND SUMMARY OF COMMENTS** ........................................................... 4

**I.   THIS COURT HAS NOT ADDRESSED PIRELLI'S ALTERNATIVE ARGUMENT CONCERNING ITS SEPARATE RATE ELIGIBILITY FOR THE PORTION OF THE PERIOD OF REVIEW PRIOR TO CHEM CHINA INVESTMENT IN PIRELLI.**............. 5

**CONCLUSION** ................................................................................................................................ 9

## TABLE OF AUTHORITIES

**1. Cases**

*Shandong Yongtai Group Co., Ltd., et al. v. United States*,
Court No. 18-00077, Slip Op. 19-150, 415 F. Supp. 3d 1303 (Ct. Int'l Trade 2019) .................... 6

*Shandong Yongtai Grp. Co. v. United States*, 2020 CIT 182 ...................................................... 4, 7


**2. Administrative determinations**

*Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China:
Final Results of Antidumping Duty Administrative Review and Final Determination of
No Shipments*; 2015–2016, 83 Fed. Reg. 11,690 ........................................................................... 6

*Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China:
Issues and Decision Memorandum for the Final Results of the
2015-2016 Antidumping Duty Administrative Review* (March 9, 2018) ("Final IDM") ............... 5

*Commerce Department's Second Remand Redetermination pursuant to Slip Op. 20-182* ........ 4, 7

<u>**Public Document**</u>

**INTRODUCTION AND SUMMARY OF COMMENTS**

On behalf of Consolidated Plaintiffs Pirelli Tyre Co., Ltd. ("PTCL"), Pirelli Tyre S.p.A and Pirelli Tire LLC ("Pirelli Tire USA") (collectively "Pirelli"), we provide comments on the Commerce Department's Second Remand Redetermination ("*Second Remand Redetermination*"), **ECF No. 21** (18-079), rendered pursuant to *Shandong Yongtai Grp. Co. v. United States*, 2020 CIT 182 ("*Shangdong Yongtai II*" or "*Second Remand Order*"), **ECF No. 92** (18-077).

We readily acknowledge that our comments herein do not address the specifics of Commerce's Second Remand Redetermination, given that Commerce's remand determination does not concern any aspect of Commerce's decision for Pirelli. Rather, Commerce's Second Remand Redetermination concerns only Commerce's decision about another plaintiff. However, for litigation efficiency reasons, we are using the opportunity for comments on Commerce's Second Remand Redetermination to address what we believe is an oversight in this Court's earlier decision addressing Pirelli's court appeal; namely, that the court's decision did not address Pirelli's <u>alternative</u> argument. As we explain below, and was made clear in Pirelli's previous court submissions, Pirelli's argument to the Court *also* included an alternative argument concerning the timing of when Pirelli was acquired by ChemChina which was the foundation of Commerce's decision to deny Pirelli separate rate status. However, this Court's earlier decision did not address this Pirelli alternative argument.

**Public Document**

And so, Pirelli is bringing this apparent oversight to the Court's attention now, rather than await for final judgment and then file a motion for an amendment under the court rule 59(e).

**I.   THIS COURT HAS NOT ADDRESSED PIRELLI'S ALTERNATIVE ARGUMENT CONCERNING ITS SEPARATE RATE ELIGIBILITY FOR THE PORTION OF THE PERIOD OF REVIEW PRIOR TO CHEM CHINA INVESTMENT IN PIRELLI.**

In order to fully understand Pirelli's argument, it is necessary to revisit the procedural history of this case.

In the underlying administrative review Commerce concluded that PTCL did not qualify for a separate rate for the sole reason that a Chinese state-owned company ( Chem China) had majority ownership of PTCL. See *Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Issues and Decision Memorandum for the Final Results of the 2015-2016 Antidumping Duty Administrative Review* (March 9, 2018) ("Final IDM") (Public Record ("P.R.") 502; Joint Appendix Tab 24, at 28, **ECF No. 48** (18-077)) ("{PTCL} did not qualify for separate rate status because there was de facto Chinese government control over the company through Chem China's ownership of Pirelli S.p.A.").  In addition, Commerce also denied Pirelli's request for a separate rate during the period before Chem China's acquisition of Pirelli S.p.A. in October 2015.  ("{PTCL}reference to the complete ownership information which served as the basis for granting it a separate rate in the investigation is not a sufficient basis on which to determine that Commerce should grant it a separate rate for any part of this POR."). *Id*. at 28.

On April 27, 2018, the plaintiffs initiated case number 18-080 before the Court, appealing the U.S. Department of Commerce's ("Commerce") final determination in the administrative review of the antidumping duty order on certain passenger vehicle and light truck tires from the People's Republic of China (Case No. A-570-016) for the period of review January 27, 2015, through July 31, 2016 (the "first period of review" or "POR 1"). See *Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments*; 2015–2016, 83 Fed. Reg. 11,690 (Dep't of Commerce Mar. 16, 2018) ("Final AR 1 Results"), P.R. 511, Joint Appendix Tab 24, **ECF No. 48** (18-077). Plaintiffs complaint included claims on four accounts. Of relevance for the consideration of these Comments on Second Remand Redetermination is Count 4. Count 4 challenged Commerce's refusal to grant Pirelli a separate rate for at least part of the period of review before Chem China invested in Pirelli S.p.A. **ECF No. 7** (18-080).

On November 27, 2019, the Court issued its opinion Slip Op. 19-150. The Court ruled that Commerce's conclusion on Pirelli's State-ownership was unsustainable "without a more fulsome discussion of the criteria for *de jure* and *de facto* governmental control as those criteria apply in this case." *Shandong Yongtai Group Co., Ltd., et al. v. United States*, Court No. 18-00077, Slip Op. 19-150, 415 F. Supp. 3d 1303 (Ct. Int'l Trade 2019) ("*Shangdong Yongtai I*" or "*First Remand Order*"), at 23, **ECF No. 64** (18-077). At the time, the Court decided not to reach a conclusion on Pirelli's alternative argument regarding Commerce's rejection of Pirelli's eligibility for a separate rate for the

period prior to Chem China's investment on Pirelli S.p.A., awaiting for Commerce's redetermination on Pirelli's ownership for the entire period. *Id* at 24-25.

On March 3, 2020, Commerce filed the Remand Results. ("First Remand Redetermination"), where it continued to find that Pirelli failed to rebut the presumption of *de facto* Chinese-government control. **ECF No. 71** (18-077) at 29.

On December 21, 2020, the Court rendered its opinion Slip Op. 20-182, in *Shangdong Yongtai II* and the Second Remand Order. **ECF No. 92** (18-077). The Court sustained in part and remanded in part Commerce's First Remand Redetermination. With regards to Pirelli, the Court sustained Commerce's finding that Pirelli was *de facto* State-owned, and confirmed the application of a China-wide entity rate to Pirelli. ("{B}ecause Pirelli failed to rebut the presumption of government control, the court sustains Commerce's assignment of the China-wide entity rate to Pirelli.") Slip Op. 20-182 at 16.

The Court, however, did not address at this point Pirelli's alternative argument concerning its eligibility for a separate rate for the period prior to Chem China investment. Therefore, the Court has not yet decided whether China-wide entity rate applies to the entire period of review, as originally determined by Commerce. As to other consolidated parties (Qingdao Sentury Tire Co., Sentury (Hong Kong) Trading Co., and Sentury Tire USA Inc., collectively "Sentury") the Court remanded some of Commerce's findings contained in the First Remand Determination ordering to recalculate Sentury's export price based on a VAT deduction. *Id*. at 19.

On February 19, 2021, Commerce issued its Second Remand Redetermination pursuant to the Court's order of December 21, 2020, **ECF No. 21** (18-079). As one

would expect, Commerce's Second Redetermination was limited to the Court's explicit direction of recalculating Quindao Sentury export price and its applicable separate rate. Since the Court issued no instruction on recalculating Pirelli's applicable rate for the first part of the period of review, the Second Remand Redetermination did not address this point.

Therefore the current proceedings have failed so far to address Count 4 of the Plaintiffs' complaint in its entirety. The said claim under Count 4 was properly put before this Court and discussed extensively in the proceedings, both in the written submissions (**ECF No. 22** at 4, 48-52 and **ECF No. 46** at 24-26) (18-077) and the oral argument (**ECF No. 59** at 2, question 1) (18-077). Indeed, during the oral argument, Pirelli pointed at affirmative evidence on the record showing Pirelli's ownership prior to Chem China's investment and why (prior to Chem China's investment) Pirelli could not possibly been considered to be under the control of a Chinese state-owned entity.

Given that this court action is not yet final (Rule 54(b)), and that the Court rules need to be administered as to secure the just, speedy, and inexpensive determination of every action and proceeding (Rule 1), Pirelli respectfully requests that this Court addresses Count 4 of Pirelli's Complaint. Doing so will obviate the need of Pirelli's to file a motion to amend judgment pursuant to Rule 59(e) and thereby enhance the efficiency of this Court action.

## CONCLUSION

The Court's Second Remand Order sustained Commerce's finding on the First Remand Redetermination that Pirelli is *de facto* owned by a Chinese State-owned entity, and therefore confirmed the applicability of China-wide entity rate. The Court Second Remand Order, however, did not address Pirelli's argument in the alternative that such China-wide entity rate should only apply for the period that followed Chem China's investment on Pirelli S.p.A.

In light of the above, Pirelli respectfully requests the Court to rule on this claim on the applicability of a separate rate to Pirelli for nine months of the period of investigation prior to reaching a final judgment on the merits.

Respectfully submitted,

<u>/s/ Daniel L. Porter</u>

Daniel L. Porter
James P. Durling
Ana M. Amador
James C. Beaty

**Curtis, Mallet-Prevost, Colt & Mosle LLP** 1717 Pennsylvania Avenue, NW Washington, DC, 20006

Counsel for *Plaintiffs Pirelli Tyre Co., Ltd.*, *Pirelli Tyre S.p.A.*, and *Pirelli Tire LLC*

<u>**Public Document**</u>

**Word Count Certificate of Compliance**

This brief has been prepared utilizing Microsoft Word 2010 using a proportionally spaced typeface 13 point Times New Roman font.

In accordance with the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that this brief complies with the word limitations set forth in the Chambers Procedures. Specifically, excluding those exempted portions of the brief as set forth in 2 B (1) of the Chambers Procedures, I hereby certify that this brief contains 1,814 words. In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

> /s/ Daniel L. Porter
>
> Daniel L. Porter
>
> **Curtis, Mallet-Prevost, Colt & Mosle LLP** 1717 Pennsylvania Avenue, NW Washington, DC, 20006
>
> Counsel for *Plaintiffs Pirelli Tyre Co., Ltd.*, *Pirelli Tyre S.p.A.*, and *Pirelli Tire LLC*