UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| QINGDAO SENTURY TIRE CO., LTD., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Consol. Court No. 18-00079 |

**DEFENDANT'S RESPONSE TO COMMENTS ON REMAND REDETERMINATION**

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. MCCARTHY
Assistant Director

OF COUNSEL:
Ayat Mujais
Attorney
U.S. Department of Commerce
Office of the Chief Counsel For Trade
    Enforcement and Compliance
1401 Constitution Avenue, NW
Washington, D.C. 20230
Tel: (202) 482-4750
Email: ayat.mujais@trade.gov

ASHLEY AKERS
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington D.C. 20044
Tel: (202) 307-0369
Fax: (202) 514-7965
Email: Ashley.akers@usdoj.gov

## INTRODUCTION

Defendant, the United States, respectfully submits this response to the comments filed by plaintiffs Pirelli Tyre Co., Ltd., et al. (Pirelli).  See ECF No. 23 (Pirelli Cmts.).  Pirelli's comments and our response concern the Department of Commerce's (Commerce) second remand redetermination, Final Results of Redetermination Pursuant to Court Remand, February 19, 2021 (Second Remand Redetermination) (ECF No. 21) (P.R.R. 6),[1] issued by Commerce pursuant to this Court's opinion and remand order, *Qingdao Sentury Co., Ltd. et al v. United States*, Slip Op. 20-182 (Ct. Int'l Trade 2020) (Second Remand Opinion and Order) (ECF No. 19).  As explained below, the Court should sustain the Second Remand Redetermination and enter final judgment for the United States because Commerce has complied with the Court's Second Remand Opinion and Order, and because the Second Remand Redetermination is supported by substantial evidence and otherwise in accordance with law.

## ARGUMENT

**I.     Background**

On March 16, 2018, Commerce published its Final Results for the first administrative review of the antidumping duty order on certain passenger vehicle and light truck tires from the People's Republic of China (China).  *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China*, 83 Fed. Reg. 11690 (Dep't of Commerce Mar. 16, 2019) (Final Results).  On November 27, 2019, this Court remanded the final results, holding that (1) Commerce's determination not to grant separate status to Shandong Yongtai Chemical was unsupported by substantial evidence, (2) Commerce had not provided a convincing explanation of how value added tax (VAT) is properly the subject of a downward adjustment to U.S. price,

---

[1] Citations to the public record (P.R.R.) and confidential record (C.R.R.) refer to the record of the antidumping duty investigation redetermination.

2

(3) Commerce had not provided a sufficient explanation of the calculation of irrecoverable VAT, (4) Commerce's decision not to make an export subsidy adjustment for the Export Buyers Credit Program (EBCP) should be reconsidered, and (5) Commerce had failed to adequately explain how evidence on the record was not sufficient to rebut the presumption of *de facto* government control of Pirelli China.  *See Shandong Yongtai Group Co., Ltd., et al v. United States*, Slip Op. 19-150 (Ct. Int'l Trade 2019) (First Remand Opinion and Order) (ECF No. 64) (18-00077).

In its First Remand Redetermination, Commerce reconsidered the record evidence and (1) determined that Yongtai Group was the successor-in-interest to Yongtai Chemical; (2) continued to use the same methodology for calculating Qingdao Sentury's irrecoverable VAT; (3) granted Qingdao Sentury an export subsidy adjustment for EBCP; and (4) continued to deny separate rate status to Pirelli China.  *See* Final Results of Remand Pursuant to Court Remand, March 3, 2020 (First Remand Redetermination) (ECF No. 71) (18-00077).

In its Second Remand Opinion and Order, this Court remanded Commerce's determination to continue to use the same methodology for calculating Qingdao Sentury's irrecoverable VAT and directed Commerce to recalculate Qingdao Sentury's export price without any adjustments for its irrecoverable VAT.  *See Shandong Yongtai Group Co., Ltd., et al v. United States*, Slip Op. 20-182, at 12 (Ct. Int'l Trade 2019) (Second Remand Opinion and Order) (ECF No. 92) (18-00077).  This Court sustained the other three issues.  *Id.* at 19.

Thereafter, in its Second Remand Redetermination, under respectful protest, Commerce continued to use the same methodology but removed the downward adjustment to Qingdao Sentury's export price accounting for its irrecoverable VAT from the final calculations.  *See* Final Results of Redetermination Pursuant to Court Order, February 19, 2021, at 4 (Second Remand Redetermination) (ECF No. 21-1) (18-00079).  Commerce further revised the dumping margin applicable to Qingdao Sentury and certain separate rate respondents.  *Id.* at 8.

II.   **Standard of Review**

In remand proceedings, the Court will sustain Commerce's determinations if they are "in accordance with the remand order," and are "supported by substantial evidence, and are otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  Under this standard, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (citations omitted).  Where, as here, Congress has entrusted an agency to administer a statute that demands inherently fact-intensive inquiries, Commerce's conclusions may be set aside only if the record contains evidence "so compelling that no reasonable factfinder" could reach the same conclusion.  *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

III.   **The Court Should Sustain Commerce's Redetermination**

Commerce adhered to this Court's Second Remand Opinion and Order and acted in accordance with law.  Pursuant to this Court's directive, Commerce, under respectful protest, removed any downward adjustment for irrecoverable VAT that was applied to Qingdao Sentury and recalculated the separate rate using Qingdao Sentury's revised rate.  Second Remand Redetermination at 4.  Thus, Commerce complied with the Court's remand and the Court should sustain the remand results.

Additionally, no parties have challenged Commerce's Second Remand Determination and, therefore, any objections to Commerce's remand determination are now waived. *See, e.g.*, *SolarWorld Americas, Inc. v. United States*, 381 F. Supp. 3d 1363, 1365-66 (Ct. Int'l Trade

2019) (holding the parties have "waived any objections" to the remand results by "declining to submit comments") (citing *United States v. Great Am. Ins. Co. of N.Y.*, 738 F.3d 1320, 1328 (Fed. Cir. 2013) ("It is well established that arguments are not appropriately developed in a party's briefing may be deemed waived.")); *see also* Sentury's Comments In Support Of The Second Remand Results, ECF No. 24 (18-00079).

**IV.     The Court Should Disregard Pirelli's Comments**

Pirelli filed a document titled "Comments of Consolidated Plaintiffs Pirelli Tyre on Commerce's Second Redetermination on Remand." ECF No. 23 (18-0079). However, Pirelli acknowledges that its comments on the remand do not address the Second Remand Redetermination. *See* Pirelli Cmts. at 4 ("[Pirelli's] comments herein do not address the specifics of Commerce's Second Remand Redetermination, given that Commerce's remand determination does not concern any aspect of Commerce's decision for Pirelli."). Therefore, the Court should disregard these comments. "The results of a redetermination pursuant to court remand are reviewed for compliance with the court's remand order." *See ArcelorMittal USA LLC v. United States*, 399 F. Supp. 3d 1271 (Ct. Int'l Trade 2019). As explained above, Commerce complied with the Court's remand order, and no parties have objected to Commerce's remand results. Pirelli's comments have no bearing on the issues addressed on remand and are irrelevant at this juncture.

Additionally, this Court has already held that Pirelli is *de facto* owned by a Chinese state-owned entity and that it was reasonable for Commerce to apply the China-wide entity rate to Pirelli. *See* Second Remand Opinion and Order at 16. With the Court having already ruled on this issue, it is inappropriate for Pirelli to now argue that the Court should "revisit" the issue at this posture of the case to specifically address Pirelli's alternative argument. *See, e.g.*, *United States v. Great Am. Ins. Co. of New York*, 229 F. Supp. 3d 1306, 1322 (Ct. Int'l Trade 2017)

(holding the law of the case doctrine generally bars retrial of issues that have already been decided) (citing *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 697 (Fed. Cir. 2001)).

If Pirelli had wanted the Court to revisit its earlier ruling, then it should have sought reconsideration under Rule 60(b) of the Rules of this Court with respect to the Second Remand Opinion and Order, rather than attempting to raise this issue for the first time in its comments on the Second Remand Redetermination. Pirelli did not do so.

## CONCLUSION

For these reasons, we respectfully request that the Court sustain the second remand redetermination and enter final judgment in favor of the United States.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

/s/ Ashley Akers
ASHLEY AKERS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-0521

OF COUNSEL:

Ayat Mujais
Attorney
Office of the Chief Counsel
  for Trade Enforcement and Compliance
Office of the General Counsel
U.S. Department of Commerce
Telephone: (202) 482-4750

May 7, 2021                                                Attorneys for Defendant