Slip Op. 22-48

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| QINGDAO SENTURY TIRE CO., LTD., SENTURY TIRE USA INC., SENTURY (HONG KONG) TRADING CO., LIMITED,<br><br>    Plaintiffs,<br><br>and<br><br>PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A., and PIRELLI TIRE LLC,<br><br>    Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Before: Jennifer Choe-Groves, Judge<br><br>Consol. Court No. 18-00079 |

**OPINION**

[Sustaining the third remand results of the U.S. Department of Commerce determining that Consolidated Plaintiff Pirelli Tyre Co., Ltd. rebutted the presumption of *de jure* and *de facto* government control for the period at issue and is entitled to separate rate status.]

Dated: May 19, 2022

Plaintiffs Qingdao Sentury Tire Co., Ltd., Sentury Tire USA Inc., and Sentury (Hong Kong) Trading Co., Limited filed no comments on the remand results.

Consol. Court No. 18-00079                                                                                      Page 2

Daniel L. Porter and Ana M. Amador Gil, Curtis, Mallet-Prevost, Colt & Mosle, LLP, of Washington, D.C., for Consolidated Plaintiffs Pirelli Tyre Co., Ltd., Pirelli Tyre S.p.A., and Pirelli Tire LLC.

Ashley Akers, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  With her on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Claudia Burke, Assistant Director. Of counsel on the brief was Ayat Mujais, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Choe-Groves, Judge:  This action arises from the administrative review by the U.S. Department of Commerce ("Commerce") of certain passenger vehicle and light truck tires from the People's Republic of China ("China").  Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China ("Final Results"), 83 Fed. Reg. 11,690 (Dep't of Commerce Mar. 16, 2018) (final results of antidumping duty administrative review and final determination of no shipments; 2015–2016); see also Certain Passenger Vehicle and Light Truck Tires from People's Republic of China: Issues and Decision Mem. Final Results 2015–2016 Antidumping Duty Admin. Review (Mar. 9, 2018) ("Final IDM"), ECF No. 15-5; Decision Mem. Prelim. Results Antidumping Duty Admin. Review: Certain

Passenger Vehicle and Light Truck Tires from People's Republic of China (Aug. 31, 2017), PR 420.[1]

Before the Court are the Final Results of Redetermination Pursuant to Court Order ("Third Remand Results"), ECF Nos. 33, 34, ordered in Qingdao Sentury Tire Co. v. United States ("Qingdao Sentury"), 45 CIT __, 539 F. Supp. 3d 1278 (2021) ("Remand Order").[2] The Third Remand Results concern only Consolidated Plaintiffs Pirelli Tyre Co., Ltd. ("Pirelli Tyre Co."), Pirelli Tire LLC, and Pirelli Tyre S.p.A. ("Consolidated Plaintiffs"), which filed comments thereon. Consol. Pls.' Comments Supp. Remand Redetermination Results ("Consolidated Plaintiffs' comments" or "Consol. Pls.' Cmts."), ECF No. 36. Defendant United States ("Defendant") filed a response to Consolidated Plaintiffs' comments. Def.'s

---

[1] Citations to the administrative record reflect the public record ("PR") document numbers filed in the Public Joint Appendix in Shandong Yongtai Group Co. v. United States, (formerly consolidated) Court No. 18-00077 ("Shandong Yongtai Docket"), ECF No. 48.

[2] This action was severed and reconsolidated from Shandong Yongtai Group Co. v. United States, (formerly consolidated) Court No. 18-00077. See Shandong Yongtai Grp. Co. v. United States ("Shandong Yongtai Severance"), 45 CIT __, __, 493 F. Supp. 3d 1342, 1345–46 (2021); see also Shandong Yongtai Grp. Co. v. United States ("Shandong Yongtai II"), 44 CIT __, 487 F. Supp. 3d 1335 (2020) (ordering second remand).

Consol. Court No. 18-00079 Page 4

Comments Supp. Remand Redetermination ("Def.'s Cmts."), ECF No. 37. For the following reasons, the Court sustains the Third Remand Results.

## ISSUES PRESENTED

On third remand, this case presents the following issues on the question of whether Pirelli Tyre Co. was wholly foreign-owned or located in a market economy prior to the China National Chemical Corporation ("Chem China") acquisition:

1. Whether a separate rate analysis should be conducted for Pirelli Tyre Co. for the period of January 2015 to October 2015;

2. Whether the presumption of Chinese government control applies to Pirelli Tyre Co. prior to the Chem China acquisition; and

3. If so, whether there was *de jure* or *de facto* Chinese government control over Pirelli Tyre Co. prior to the Chem China acquisition.

## BACKGROUND

The Court assumes familiarity with the underlying facts and procedural history of this case and recites the facts relevant to the Court's review of the Third

Remand Results.  See Qingdao Sentury, 45 CIT at __, 539 F. Supp. 3d at 1280–82; see also Shandong Yongtai II, 44 CIT at __, 487 F. Supp. 3d at 1344–46; Shandong Yongtai Grp. Co. v. United States ("Shandong Yongtai I"), 43 CIT __, __, 415 F. Supp. 3d 1303, 1306–07, 1312–18 (2019); Shandong Yongtai Severance, 45 CIT at __, 493 F. Supp. 3d at 1344–45.

    Consolidated Plaintiffs applied for separate rate status in the administrative review, but Commerce determined that Pirelli Tyre Co. did not qualify for separate rate status because of *de facto* Chinese government control through Chem China's ownership of Pirelli S.p.A.  Shandong Yongtai I, 43 CIT at __, 415 F. Supp. 3d at 1316; see also Final IDM at 27–28; Consolidated Plaintiffs' Separate Rate Application (Nov. 17, 2016) ("Consol. Pls.' SRA"), PR 192–93.  Commerce also denied Pirelli Tyre Co. separate rate status for the segment of the period of review before Chem China's acquisition of Pirelli Tyre Co. in October 2015 because Commerce asserted that Consolidated Plaintiffs had not provided complete ownership information as to Pirelli Tyre Co.'s intermediate and ultimate owners from January through October 2015.  Shandong Yongtai I, 43 CIT at __, 415 F. Supp. 3d at 1317–18; see also Final IDM at 28.  Commerce determined that Pirelli Tyre Co.'s separate rate status claim for the period of time before Chem China's acquisition was not supported by evidence on the record.  Shandong Yongtai I, 43

CIT at \_\_, 415 F. Supp. 3d at 1317–18; see also Final IDM at 28. Commerce assigned Consolidated Plaintiffs the China-wide entity rate for the entire period of review. Shandong Yongtai I, 43 CIT at \_\_, 415 F. Supp. 3d at 1318. The Court remanded Commerce's denial of Consolidated Plaintiffs' separate rate status for Commerce to reconsider the criteria for *de jure* and *de facto* governmental control. Id. at \_\_, 415 F. Supp. 3d at 1317. The Court did not reach the issue of Consolidated Plaintiffs' request for separate rate status for the period before Chem China's acquisition. Id. at \_\_, 415 F. Supp. 3d at 1318.

In the Final Results of Redetermination Pursuant to Remand ("Shandong Yongtai Remand Results"), Shandong Yongtai Docket, ECF Nos. 71, 72, Commerce maintained its determination of *de facto* Chinese government control and denied separate rate status to Pirelli Tyre Co. See Shandong Yongtai II, 44 CIT at \_\_, 487 F. Supp. 3d at 1344–45. Commerce examined the record and noted that Chinese government-owned entities had majority ownership of Pirelli Tyre Co. Id. at \_\_, 487 F. Supp. 3d at 1345; see also Shandong Yongtai Remand Results at 40. Commerce determined that Pirelli Tyre Co. failed to satisfy the third criterion of the *de facto* test, whether the respondent has autonomy from the government in making decisions regarding the selection of management. Shandong Yongtai II, 44 CIT at \_\_, 487 F. Supp. 3d at 1345–46; see also

Shandong Yongtai Remand Results at 28–29, 40–41.  The Court sustained Commerce's determination denying separate rate status to Pirelli Tyre Co.  Shandong Yongtai II, 44 CIT at __, 487 F. Supp. 3d at 1346.  On second remand, Commerce did not address Consolidated Plaintiffs' separate rate status before Chem China's acquisition, nor did Consolidated Plaintiffs comment on Commerce's draft remand results.  Final Results of Redetermination Pursuant to Court Order ("Second Remand Results") at 2–3, ECF No. 21-1.

      Consolidated Plaintiffs requested a ruling from the Court on Consolidated Plaintiffs' alternate claim of partial separate rate status for the first ten months of the period of review prior to Chem China's acquisition of Pirelli Tyre Co.  Qingdao Sentury, 45 CIT at __, 539 F. Supp. 3d at 1282.  Consolidated Plaintiffs argued that they had provided documentation of corporate ownership prior to Pirelli Tyre Co.'s acquisition by Chem China, including a Sales and Purchase and Co-investment Agreement showing that Pirelli Tyre Co. was an Italian company prior to the Chem China acquisition in October 2015.  Id. at __, 539 F. Supp. 3d at 1283 (citing Consol. Pls.' Br. Supp. Mot. J. Agency R. at 50, Shandong Yongtai Docket, ECF Nos. 23, 24; Consol. Pls.' SRA at 50–51, Attach. G(1)).  For the period of review prior to Chem China's acquisition of Pirelli Tyre Co., the Court concluded that Commerce's separate rate analysis of Consolidated Plaintiffs was at

Consol. Court No. 18-00079 Page 8

odds with Commerce's stated practice regarding companies that are wholly foreign-owned or located in a market economy. Id. at __, 539 F. Supp. 3d at 1284. The Court remanded for Commerce to determine: (1) whether Consolidated Plaintiffs were wholly foreign-owned or located in a market economy prior to the Chem China acquisition; (2) whether a separate rate analysis should be conducted for the period from January 2015 through October 2015; (3) whether the presumption of Chinese governmental control applies to Consolidated Plaintiffs prior to Chem China's acquisition; and if so, (4) whether there was *de jure* or *de facto* Chinese governmental control over Consolidated Plaintiffs before Chem China's acquisition. Id. at __, 539 F. Supp. 3d at 1284.

## STANDARD OF REVIEW

The Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(iii). The Court will uphold any determinations unless they are unsupported by substantial evidence on the record or are otherwise not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i). The Court also reviews determinations made on remand for compliance with the Court's remand order. Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT 727, 730, 992 F. Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

# DISCUSSION

Commerce has statutory authority to determine if a country is a nonmarket economy pursuant to 19 U.S.C. § 1677(18). 19 U.S.C. § 1677(18); see also Sigma Corp. v. United States, 117 F.3d 1401, 1404–06 (Fed. Cir. 1997). In proceedings involving a nonmarket economy, such as China, Commerce employs a rebuttable presumption that all companies within the country are subject to government control and should be assigned a single, country-wide antidumping duty rate. See Sigma Corp., 117 F.3d at 1405. An exporter will receive the country-wide rate by default, unless it demonstrates affirmatively that the exporter maintains both *de jure* and *de facto* independence from the government. See id. The burden of rebutting the presumption of government control rests with the exporter. See id. at 1405–06.

On remand, in order to acquire the necessary information to comply with the Court's remand order, Commerce issued a questionnaire to Pirelli Tyre Co. on November 1, 2021. See Letter Commerce to Foley Lardner Pertaining to Consol. Pls.' Supplemental Questionnaire ("Supplemental Questionnaire") (Nov. 1, 2021),

Consol. Court No. 18-00079                                                                 Page 10

Remand PR 2.³  Consolidated Plaintiffs submitted their response on November 10, 2021.  Consol. Pls.' Resp. Supplemental Questionnaire (Nov. 10, 2021), Remand PR 5–7.

Consistent with the Court's remand order, Commerce's analysis on remand concerned Consolidated Plaintiffs' separate rate eligibility during the period from January 27, 2015 through October 19, 2015.  Third Remand Results at 5–6. Commerce first distinguished between Pirelli Tyre Co., the producer and exporter of subject merchandise, Pirelli Tyre LLC, a sales affiliate located in the United States, and Pirelli Tyre S.p.A., an entity located in Italy and an indirect owner of Pirelli Tyre Co.  Id. at 6.  Commerce determined that the information on the record showed that Pirelli Tyre Co. was located in China during the period from January 27, 2015 through October 19, 2015, and Pirelli Tyre Co.'s supplemental questionnaire response showed that it was not wholly foreign-owned during that period.  Id.  Commerce therefore initially determined that Pirelli Tyre Co. was properly subject to a separate rate analysis.  Id.  Because Pirelli Tyre LLC was located in the United States and Pirelli Tyre S.p.A. was located in Italy, Commerce

---

³ Citations to documents filed during the third remand proceeding reflect the public record ("Remand PR") document numbers filed with the Third Remand Results, ECF. Nos. 35-3, 38.

Consol. Court No. 18-00079                                                                                    Page 11

determined that neither of those companies was subject to a separate rate analysis. Id.

Commerce then determined that the information submitted on the record by Pirelli Tyre Co. in response to its November 1, 2021 questionnaire demonstrated that there was neither *de jure* nor *de facto* government control of Pirelli Tyre Co. during the relevant period of review. Id. at 6–7. Specifically under its *de jure* test, Commerce determined that Pirelli Tyre Co. had: (1) no restrictive stipulations associated with its exporter's business and export licenses; (2) no legislative enactments decentralizing it; and (3) no formal measures by the government decentralizing control of it. Id. at 7.

Regarding its *de facto* test, Commerce determined that Pirelli Tyre Co.'s ownership structure during the period of review from January 27, 2015 through August 10, 2015 was materially the same as its ownership structure during the underlying investigation, when Commerce granted separate rate status and found that Pirelli Tyre Co. rebutted the presumption of *de jure* and *de facto* government control. Id. (citation omitted). Commerce concluded that none of Pirelli Tyre Co.'s intermediate or ultimate shareholders during the time period from January 27, 2015 through August 10, 2015 were Chinese government entities or were supervised by Chinese government entities. Id. at 8. Thus, while Commerce

Consol. Court No. 18-00079                                                                                          Page 12

determined that the presumption of Chinese government control applied to Pirelli Tyre Co. during the period from January 27, 2015 through August 10, 2015 (i.e., prior to the Chem China acquisition) because of its location in China, Commerce determined that there was no information on the record indicating that any Chinese government entity, including Chem China, had any direct or indirect ownership or control of Pirelli Tyre Co. prior to August 10, 2015.  Id.  Commerce's review of Pirelli Tyre Co.'s articles of association, purchase agreements, board of directors meeting minutes and/or resolutions, as well as company financial statements for the period prior to August 11, 2015, showed no Chinese government involvement in how Pirelli Tyre Co.: (1) set export prices; (2) negotiated and signed contracts and other agreements; (3) selected management; or (4) retained the proceeds of its export sales and made decisions regarding disposition of profits or financing of losses.  Id. at 8–9 (citations omitted).  Commerce determined this to be the case even though Chem China and another Chinese shareholder became indirect owners of Pirelli Tyre Co. during the period from August 11, 2015 through October 19, 2015 through an investment in Pirelli Tyre Co.'s ultimate parent company, Pirelli & C. S.p.A., which meant that during that period Pirelli Tyre Co.'s ownership structure was no longer the same as its ownership structure during the underlying investigation.  Id. at 9–10.  In other words, Commerce found no information on the

record to indicate that the Government of China's minority shareholding in Pirelli & C. S.p.A. or its ability to appoint a small number of Pirelli & C. S.p.A.'s board members enabled any Chinese government entity to control Pirelli Tyre Co. directly or indirectly during the period from August 11, 2015 through October 19, 2015. Id. at 10. Accordingly, Commerce determined that Pirelli Tyre Co. rebutted the presumption of *de jure* or *de facto* Chinese government control for the period from August 11, 2015 through October 19, 2015. Id. The revised weighted average dumping margin for Pirelli Tyre Co. during the period from January 27, 2015 through October 19, 2015 for passenger tires from China was determined to be 1.45%. Id. at 11.

      Consolidated Plaintiffs assert that Commerce's Third Remand Results accurately reflect the information submitted by Consolidated Plaintiffs during the third remand proceeding, and that Commerce's conclusion is supported by substantial evidence and in accordance with the law. Consol. Pls.' Cmts. at 3. Consolidated Plaintiffs also agree with the new separate rate set forth in the Third Remand Results. Id. Consolidated Plaintiffs' position is that Commerce's Third Remand Results comply with the Court's remand order and they ask the Court to sustain Commerce's Third Remand Results. Id. Defendant also asks the Court to

Consol. Court No. 18-00079									Page 14

sustain the Third Remand Results.  Def.'s Cmts. at 2.  No Party filed comments in opposition to the Third Remand Results.

## CONCLUSION

The Court holds that Commerce's determination is supported by substantial evidence.  Because the Court concludes that the Third Remand Results are supported by substantial evidence and comply with the Court's remand order, the Court sustains the Third Remand Results.  Judgment will be entered accordingly.

/s/ Jennifer Choe-Groves<br>Jennifer Choe-Groves, Judge

Dated:     May 19, 2022
        New York, New York